**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| WILLIAM G. CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:06CV01683 ERW |
| ) | |
| ALAN BLAKE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on William Carter's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because "it plainly appears from the petition . . . that [Carter] is not entitled to relief," the Court will dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases.

Carter pled not guilty by reason of insanity (NGRI) to several charges of sexual assault on January 21, 2002. Missouri v. Carter, 125 S.W.3d 377, 378 (Mo. App. 2004). As a result of the plea, Carter was committed to the custody of the Missouri Department of Mental Health. Id. Carter is currently confined in the Missouri Sexual Offender Treatment Center in Farmington, Missouri.

Carter brought a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on May 20, 2004, challenging the facts and circumstances of his NGRI plea. Carter v. Blake, 4:04CV624 FRB (E.D. Mo.). On November 10, 2004, Carter moved the Court to allow him to amend his petition to include allegations that exculpatory DNA evidence existed, showing that he was innocent

of the state court charges. Magistrate Judge Frederick R. Buckles granted the motion to amend. Carter later moved, however, to strike the claim regarding exculpatory evidence from the petition because it was "premature," and because "the claim ha[d] not yet been fully litigated and exhausted in state court . . ." Judge Buckles granted the motion to strike. All other claims in Carter's 2004 petition are currently pending before Judge Buckles.

The instant petition alleges that exculpatory DNA evidence existed and that Carter's counsel was ineffective for failing to obtain the evidence. The petition also alleges that, as a result of the existence of exculpatory DNA evidence, his current confinement is based on false information and is therefore unlawful.

Carter states in the petition that he has not exhausted state remedies. Carter does not allege that there is an absence of available state remedies.

Under 28 U.S.C. § 2254(b)(1):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

As a result of the fact that Carter has not exhausted state remedies, the petition shall be dismissed without prejudice. 28 U.S.C. § 2254(b); Rule 4 of the Rules Governing § 2254 Cases.

Accordingly,

**IT IS HEREBY ORDERED** that Carter's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

So Ordered this 6th Day of March, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE